NO. 07-06-0045-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 6, 2006

_____

IN THE INTEREST OF A CHILD
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 71,110-D; HONORABLE DON EMERSON, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ORDER**

Appellant Gary Phelps has acted pro se in this appeal. On March 21, 2006, this court received and filed a handwritten letter purportedly written and signed by appellant Gary Phelps. In the letter, Phelps requested to withdraw his appeal. On March 27, 2006, pursuant to Rule of Appellate Procedure 42.1, we granted the motion to withdraw the appeal and issued a judgment dismissing the appeal. Our mandate also was issued the same day. On March 31, 2006, a woman representing herself as appellant's mother filed a letter with this court,[1] also purported to be written by appellant Phelps, stating he did not

_____

[1] Appellant Gary Phelps is incarcerated. The March 21, 2006 letter was received by this court by mail, in an envelope on which was stamped the legend "privileged offender mail not inspected by Texas Department of Criminal Justice - Institutional Division."

write the letter requesting withdrawal of his appeal, and asking that he be provided with a copy of it.

Due to the foregoing events, we vacate our March 27 judgment dismissing this appeal, withdraw our mandate and reinstate the appeal. TEX. R. APP. P. 18.7. Upon reinstatement, we abate this appeal and remand the proceeding to the trial court. The trial court shall immediately give notice of and hold a hearing to determine the following:

(1) Whether appellant wishes to proceed with this appeal;

(2) Whether appellant wrote the letter which was filed with this court on March 21, 2006;[2]

(3) Whether appellant signed the letter which was filed with this court on March 21, 2006;

(4) Whether appellant requested or caused the March 21 letter to be mailed to this court;

(5) If appellant did not write the letter filed on March 21, 2006, who did write it;

(6) Whether appellant wrote the document filed with this court on March 31, 2006;

(7) If appellant did not write the document filed on March 31, 2006, who did write it;

---

[2] We have forwarded the original documents filed on March 21, 2006 and March 31, 2006 to the trial court to aid in the determination of authorship. We have retained copies of these documents for the appellate file.

2

(8) Whether appellant is indigent and not represented by counsel.

After holding a hearing, the trial court shall make written findings as to each of the factual matters set out above, based on information provided by appellant and any other witness who responds to the notice of hearing. The hearing shall be transcribed and included in a reporter's record. The trial court clerk shall forward a transcript of the hearing and the trial court's findings to the clerk of this court no later than May 5, 2006.

It is so ordered.

Per Curiam